IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROSE M. TOWNSEND | * | |
| | * | Civil Action No. CCB-21-0386 |
| v. | * | |
| | * | |
| FLEISCHMANN'S VINEGAR, *et al.* | * | |
| | * | |
| | * | |
| | ***** | |

**Memorandum**

This employment dispute concerns the discharge of the plaintiff Rose M. Townsend. Townsend raises claims against Fleischmann's Vinegar ("Fleischmann's"), Green Plains Inc.[1] ("GPI"), Kerry Inc. ("Kerry"), Angela Campbell, Matthew Krosche, and Terri Winfrey. (ECF 1, Compl. at 1). Now pending before the court is a motion to dismiss (ECF 9) filed by GPI and Winfrey (collectively, "the GPI defendants"), a motion to dismiss (ECF 16) filed by Campbell and Krosche, and a motion to compel arbitration and to dismiss (ECF 17) filed by Fleischmann's and Kerry (collectively, "the Fleischmann's defendants"). The matter has been fully briefed, and no hearing is required. *See* Local Rule 105.6 (D. Md. 2021). For the reasons discussed herein, the court will grant each of the pending motions.

**BACKGROUND**

Townsend, who represents herself, alleges that between July 20, 2018, and February 5, 2019, she was discriminated against because of health issues, harassed with demands to step down

---

[1] GPI was erroneously named as "Green Plains Trade Group LLC" ("GPTG") in the complaint (*See* ECF 9-3, Mapes Decl. at ¶ 3). GPTG is a wholly owned subsidiary of GPI, a holding company which also owned Fleischmann's—until November 2018, when Fleischmann's was acquired by Kerry. (*See id.* at ¶¶ 6, 7, 18). The Clerk will be instructed to adjust the docket accordingly.

1

from her position, retaliated against for raising concerns with human resources, intimidated with "writeups by Angela Campbell and Matthew Krosche," demoted, and ultimately terminated by Winfrey, Fleischmann's, GPI, and Kerry. (ECF 2, Compl. at 1). On September 19, 2018, she filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), alleging that Fleischmann's, Campbell, Krosche, and Winfrey discriminated against her on the basis of disability in violation of the Americans with Disabilities Act. (*Id.*). On August 17, 2019, she amended her EEOC complaint to allege that GPI and Kerry also are liable. (*Id.*). As relief, Townsend seeks compensatory and punitive damages. (*Id.*).

## STANDARD OF REVIEW

A plaintiff bears the burden of establishing personal jurisdiction over the defendants. *Carefirst of Md. v. Carefirst Pregnancy*, 334 F.3d 390, 396 (4th Cir. 2003). When the existence of jurisdiction "turns on disputed factual questions the court may resolve the [jurisdictional] challenge on the basis of a separate evidentiary hearing, or may defer ruling pending receipt at trial of evidence relevant to the jurisdictional question." *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). In its discretion, a court may permit limited discovery as to the jurisdictional issue. *See Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 64 (4th Cir. 1993). Alternatively, the court may rule based solely on the motion papers, supporting legal memoranda, affidavits, and the allegations in the complaint. *Grayson v. Anderson*, 816 F.3d 262, 268 (4th Cir. 2016); *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 276 (4th Cir. 2009). In that circumstance, the "plaintiff need only make 'a prima facie showing of personal jurisdiction to survive the jurisdictional challenge.'" *Grayson*, 816 F.3d at 268 (quoting *Combs*, 886 F.2d at 676). However, "'[a] threshold *prima facie* finding that personal jurisdiction is proper does not finally settle the issue; plaintiff must eventually prove the existence of personal jurisdiction by a preponderance of

the evidence, either at trial or at a pretrial evidentiary hearing.'" *New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.*, 416 F.3d 290, 294 n.5 (4th Cir. 2005) (citation omitted).

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). "Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Additionally, although courts "must view the facts alleged in the light most favorable to the plaintiff," they "will not accept 'legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments'" in deciding whether a case should survive a motion to dismiss. *U.S. ex rel. Nathan v. Takeda Pharm. North Am., Inc.*, 707 F.3d 451, 455 (4th Cir. 2013) (quoting *Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012)).

A motion to dismiss based on an arbitration clause is like one based on a forum selection clause and should be construed, even when brought under Rule 12(b)(6), as a challenge to the sufficiency of the plaintiff's choice of venue under Rule 12(b)(3). *See Sucampo Pharms., Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 550 (4th Cir. 2006); *Aggarao v. MOL Ship Mgmt. Co., Ltd.*, 675 F.3d 355, 365 n.9 (4th Cir. 2012); *Stone v. Wells Fargo, N.A.*, 361 F. Supp. 3d 539, 548 (D. Md. 2019). When a defendant raises a Rule 12(b)(3) venue challenge, the plaintiff bears the

burden of demonstrating that venue is appropriate. *Stone*, 361 F. Supp. 3d at 549 (citing *Bartholomew v. Virginia Chiropractors Ass'n*, 612 F.2d 812, 816 (4th Cir. 1979), *cert. denied*, 446 U.S. 938 (1980), overruled on other grounds by *Union Labor Life Ins. Co. v. Pireno*, 458 U.S. 119, 102 (1982)). If the court does not hold an evidentiary hearing, "the plaintiff need only make a prima facie showing that venue is proper." *Stone*, 361 F. Supp. 3d at 549. "In assessing whether there has been a prima facie venue showing, [the court views] the facts in the light most favorable to the plaintiff." *Aggarao*, 675 F.3d at 366. The court may "freely consider evidence outside the pleadings" on a motion to dismiss under Rule 12(b)(3). *Id.* at 365–66.

## DISCUSSION

The court will address each of the pending motions separately.

### I. Campbell and Krosche

Campbell and Krosche argue that Townsend's claims against them must be dismissed because the Americans with Disabilities Act provides a remedy against employers but not against supervisors or managers. "Because Title VII does not authorize a remedy against individuals for violation of its provisions, and because Congress has made the remedies available in Title VII applicable to ADA actions", the ADA likewise "does not permit an action against individual defendants[.]" *Baird ex rel. Baird v. Rose*, 192 F.3d 462, 472 (4th Cir. 1999); *see also Jones v. Sternheimer*, 387 F. App'x 366, 368 (4th Cir. 2010). Townsend has not opposed this motion, which the court will grant.

**II.     The GPI Defendants**

The GPI defendants argue that Townsend's claims must be dismissed for lack of personal jurisdiction, that repleading would be futile, and—as to Winfrey—that the ADA does not impute liability against individuals.

Fed. R. Civ. P. 4(k)(1)(A) authorizes a federal district court to exercise personal jurisdiction over a defendant in accordance with the law of the state in which the district court is located. *Carefirst*, 334 F.3d at 397. Therefore, in Maryland, "to assert personal jurisdiction over a nonresident defendant, two conditions must be satisfied: (1) the exercise of jurisdiction must be authorized under the state's long-arm statute; and (2) the exercise of jurisdiction must comport with the due process requirements of the Fourteenth Amendment." *Id.* The Maryland Court of Appeals has "consistently held that the reach of the long arm statute is coextensive with the limits of personal jurisdiction delineated under the due process clause of the Federal Constitution" and that the "statutory inquiry merges with [the] constitutional examination." *Beyond Sys., Inc. v. Realtime Gaming Holding Co.*, 388 Md. 1, 22 (2005) (citing *Mohamed v. Michael*, 279 Md. 653, 657, 370 A.2d 551, 553 (1977)).

Due process requires that the defendants have sufficient minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *See Carefirst*, 334 F.3d at 396 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). If, as here, the non-resident defendants' contacts with the forum state are the basis of the suit, they may establish specific personal jurisdiction.[2] *See id.* The Fourth Circuit Court of Appeals has developed a three-part test for asserting specific personal jurisdiction that considers: (1) the

---

[2] Townsend does not assert, and the court sees no basis to conclude, that the court may exercise general jurisdiction over the GPI defendants. Thus, the court's analysis focuses on specific jurisdiction.

5

extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities or are directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." *Consulting Eng'rs Corp.*, 561 F.3d at 278. "[T]o justify the exercise of personal jurisdiction over a non-resident defendant, the defendant's contacts with the forum state must have been so substantial that they 'amount to a surrogate for presence and thus render the exercise of sovereignty just.'" *Id.* at 277–78 (quoting *ESAB Grp., Inc. v. Centricut, Inc.*, 126 F.3d 617, 623 (4th Cir. 1997)).

In this case, Townsend's complaint does not explicitly state the basis for this court's jurisdiction, but her response includes several exhibits intended to demonstrate the GPI defendants' contacts with the state of Maryland. (*See* ECF 20). This includes Green Plains Trade Group LLC's corporate charter approval sheet (ECF 20-1), Townsend's employment offer letter from Fleischmann's indicating GPI is Fleischmann's parent company (ECF 20-2), Townsend's paystub from Fleischmann's, which includes GPI's logo (ECF 20-3), and the results of an entity search from the State of Maryland showing Green Plains Trade Group LLC is registered to do business in Maryland (ECF 20-4).

None of these exhibits can satisfy the second element of the Fourth Circuit's test. As to GPTG, even if these exhibits established contacts with the state of Maryland, they do nothing to refute the evidence that GPTG never employed Townsend and could not have taken any actions related to her employment claims. (*See* ECF 9-3, Mapes Decl. at p 22). Though Fleischmann's and GPTG appear both to have been subsidiaries of GPI at one point, there is no evidence that GPTG— an LLC which sells ethanol—ever had any impact on Townsend's employment or termination at Fleischmann's Vinegar Company, and thus GPTG's contacts with the state of Maryland do not give rise to Townsend's claims.

As to GPI, the documents likewise do not raise any plausible inference that GPI's actions gave rise to Townsend's claims, which are related to discrimination, retaliation, and discharge at her place of employment. Though the offer letter does "welcome" Townsend "[o]n behalf of" GPI and all its other subsidiaries, "including Fleischmann's Vinegar," the letter is printed on Fleischmann's letterhead and does not indicate that GPI exercised any control over the terms or conditions of Townsend's employment. (*See* ECF 20-2). And though the top of the paystub does bear GPI's name and logo, the only address listed is that of Fleischmann's Vinegar Company; the stub likewise does not indicate that GPI exercised any control over the terms or conditions of Townsend's employment. Further, "the contacts of a corporate subsidiary cannot impute jurisdiction to its parent entity." *Saudi v. Northrop Grumman Corp.*, 427 F.3d 271, 276 (4th Cir. 2005) (citing cases). Therefore, to the extent that Townsend may rely on the actions of Fleischmann's to demonstrate GPI's contacts with the forum state, this argument is unavailing.

Finally, even if Townsend could establish personal jurisdiction against Winfrey, the ADA does not permit actions against individual defendants, as explained previously with respect to Campbell and Krosche. The claim against the GPI defendants will therefore be dismissed.

### III.   The Fleischmann's Defendants

The Fleischmann's defendants argue that Townsend's complaint against them must be dismissed because her employment contract contained a mandatory arbitration provision. They attached to their motion a copy of Townsend's employment contract, which states that "[a]ny dispute or claim arising out of or in connection with" the contract "will be finally settled by arbitration" except that the parties "may apply to any court of competent jurisdiction for . . . equitable relief[.]" (ECF 17-2 at 2).

7

If an issue is referable to arbitration under an agreement in writing, then a stay is mandatory and a motion to compel arbitration must be granted.[3] *See Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 500 (4th Cir. 2002); *see also* 9 U.S.C. § 3. A litigant can compel arbitration if he can demonstrate (1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision purporting to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect, or refusal of the opposing party to arbitrate the dispute. *See Adkins*, 303 F.3d at 500–01.

This court construes the Fleischmann's defendants' Rule 12(b)(6) motion to compel arbitration and dismiss the suit as a motion challenging venue under Rule 12(b)(3) and finds a stay for arbitration appropriate. A review of the pleadings and exhibits, done in the light most favorable to Townsend, reveals that Townsend has failed to make a prima facie showing that venue is proper. The defendants have produced a signed employment contract with a clear arbitration provision. Townsend's claims are for money damages, not for equitable relief, and they all arise out of her employment at Fleischmann's. The defendants have therefore established arbitrability, and though Townsend opposes the motion, she does not contest the applicability of the arbitration provision[4] — crucial for her required venue showing. (*See generally* ECF 21, Opp'n). The court will therefore grant the motion to compel arbitration and will stay the complaint as to the Fleischmann's defendants.

---

[3] Some courts have ruled that, in lieu of a stay, dismissal is proper when all the issues presented in a lawsuit are arbitrable. *See Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709-10 (4th Cir. 2001); *Stone v. Wells Fargo Bank, N.A.*, 361 F. Supp. 3d 529, 557–58 (D. Md. 2019). The Fourth Circuit has acknowledged some "tension" in its decision regarding whether a stay or dismissal is appropriate. *Aggarao*, 675 F.3d at 376 n.18.

[4] The defendants have agreed to waive the requirement that arbitration occur in Nebraska; they are willing to arbitrate in Baltimore, Maryland. (*See* ECF 17-1 at 2 n.3).

## CONCLUSION

For the reasons stated herein, the court will grant the GPI defendants' motion to dismiss (ECF 9) and Campbell and Krosche's motion to dismiss (ECF 16). The court will grant the Fleischmann's defendants' motion to compel arbitration (ECF 17) but stay, rather than dismiss, the claims against them. A separate Order follows.

September 9, 2021                                           /s/
Date                                                          Catherine C. Blake
                                                              United States District Judge